UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEON NED, JR.,   CASE NO.:

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEON NED, JR. ("Mr. Ned" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from PUBLIX SUPER MARKETS, INC. ("Publix" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Orange County, Florida.

3. Defendant is a Florida not for profit corporation that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) had a daughter who suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as a Dock Coordinator at its Orlando Distribution Center from August 28, 2014, until his termination on November 8, 2018.

8. Mr. Ned suffered from a chronic history of debilitating migraine headaches, a serious health condition, during his time of employment with Publix.

9. In September of 2018, Mr. Ned requested FMLA paperwork from Publix so that he could apply for intermittent unpaid leave pursuant to the FMLA in order to treat and address flare-ups of his chronic, serious health condition.

10. Mr. Ned submitted the completed documents, including medical certification, to Publix on October 1, 2018.

11. The following day, Publix acknowledged Mr. Ned's eligibility for intermittent FMLA leave commencing on October 5, 2018.

12. Soon thereafter, Mr. Ned did avail himself of intermittent unpaid FMLA leave due to flare-ups of his chronic, serious health condition.

13. However, on October 30, 2018, Publix's Mark Robinson contacted Mr. Ned and informed him that Publix had incompetently misplaced his FMLA paperwork.

14. Mr. Robinson also threatened that unless Mr. Ned re-submitted the forms very shortly, Publix would count the recent days of intermittent unpaid FMLA which Mr. Ned had utilized against him, and take adverse employment action against him.

15. Mr. Robinson's threats and actions constituted unlawful FMLA interference.

16. Very shortly thereafter, Mr. Ned visited one of Publix's nearby store locations to get FMLA forms. Mr. Ned completed the forms and sent them via Certified Mail to Publix's corporate headquarters on or about November 2, 2018.

17. On November 8, 2018, Publix informed Mr. Ned that it had decided to terminate his employment, effective immediately.

18. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Ned notifying Publix of his chronic, serious health condition, and in retaliation for Mr. Ned utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

19. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

20. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

21. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

22. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

23. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of what should have been protected FMLA leave.

24. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

25. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

26. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by incompetently losing his forms, threatening him with adverse employment action due to its own incompetence, and refusing to allow Plaintiff to exercise his FMLA rights freely.

31. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for applying for FMLA leave and for utilizing what should have been FMLA-protected leave.

37. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

38. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 4th day of August, 2020.

                                                Respectfully Submitted,

                                                ***/s/ Noah E. Storch***
                                                Noah E. Storch, Esq.
                                                Florida Bar No. 0085476
                                                RICHARD CELLER LEGAL, P.A.
                                                10368 W. SR. 84, Suite 103
                                                Davie, Florida 33324
                                                Telephone: (866) 344-9243
                                                Facsimile: (954) 337-2771
                                                E-mail: **noah@floridaovertimelawyer.com**

                                                *Attorneys for Plaintiff*